## SCHIERLING *v.* SCHULZE BAKING COMPANY.

---

TRADEMARKS; APPEALS.

1. Where in a trademark interference, the Commissioner of Patents rejects the application of one of the parties because of failure to show priority of adoption and use and he fails to appeal, he cannot be heard in this court on an appeal by the other party from a decision rejecting his application upon the ground that he had parted with his right to use the mark except in a limited territory. (Citing *Re Herbst*, 32 App. D. C. 565, and *Hump Hairpin Co. v. De Long Hook & Eye Co.* 39 App. D. C. 484).

2. An application for registration of a trademark is properly denied by the Commissioner where the evidence shows that applicant has parted with his right to use the mark except in a limited territory.

No. 1053.   Patent Appeals.   Submitted November 15, 1916.   Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference.                *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward T. Fenwick* and *Mr. L. L. Morrill* for the appellant.

*Mr. R. F. Steward* and *Mr. Luther Johns* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office in a trademark interference proceeding involving two applications for registration, one by the Schulze Baking Company of the words "Butter-Krust" and the other by Charles F. Schierling of the word "Krust." There is no dispute as to the similarity of the marks, or the identity of the goods in connection with which they are used.

The Assistant Commissioner rejected the applications of both parties, that of Schierling on the ground that he had parted with his right to use the mark except in a limited territory, and that of the Schulze Baking Company because of a failure to show priority of adoption and use. From this decision Schierling alone appealed, but the Schulze Baking Company filed a brief in this court and was permitted to state its contentions.

Clearly the Schulze Company has no standing here. Under the Trademark Act the Commissioner may "refuse to register both of the interfering marks," and in the *Herbst Case,* 32 App. D. C. 565, we said: "It will thus be seen that in a trademark interference proceeding the issue which the Commissioner is called upon to determine is not merely one of priority, as in a patent interference proceeding, but involves any question that might be raised in an ex parte case." In the present case it was held that the Schulze Company's date of adoption and use was subsequent to that of Schierling, and both applications were rejected. Clearly, had the Schulze Company desired a review of the ruling as to it, an appeal should have been taken, for by that ruling it was eliminated from the case. In other words, all that is involved here is the decision refusing registration to Schierling. This being so, the Schulze Company has no right to be heard, "having shown no interest that is not common to the general public." *Hump Hairpin Co.* v. *De Long Hook & Eye Co.* 39 App. D. C. 484, 490. It there was held that the Commissioner of Patents represents the public interests in trademark applications, as in applications for patents. Since the present interference involves a technical mark and the

Schulze Company has been eliminated by a decision from which it has taken no appeal, it has no more interest in preventing the registration to Schierling than any other member of the public, and hence has no standing here.

Coming to the decision as to Schierling, we are satisfied that the evidence warrants the ruling of the Patent Office that he has parted with his right to use the mark except in a limited territory, and hence that he is not entitled to a registration based upon a finding of exclusive use.

The decision is affirmed.              *Affirmed.*

Mr. Justice GOULD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.